BURGETT *v.* BARRICK. Kansas. January Term, 1881. (25 Kan.) *Contract—Infancy—Disaffirmance.* Op. by HORTON, C. J. An infant's executory contract is ordinarily voidable—that is, he may, if he chooses, refuse to execute and comply with its provisions, and may at any time when he is sued upon it before he comes of age, or within a reasonable time thereafter, disaffirm the same. But after he becomes of the age of twenty-one years, he cannot disaffirm this contract, without returning to the other party what he may have received under it, if he then still possesses, or has within his control, what he so received.

---

HENTIG *v.* KERUKE. *Ibid.* January Term, 1881. (25 Kan.) *Contract— Physician's Fees—Service to Visitor—Promise to pay.* Op. by BREWER, J. Where the testimony shows that A, a physician, is called by B to render professional services, without any specification as to whom or on whose account such services are to be rendered, and, in response thereto, goes to B's house and renders such services in medical attention to one who is the father of B, and a member of his family, all the while looking to B alone for compensation, and, after the services are rendered, presents his bill therefor to B, who makes no objection thereto, but promises to pay it, it was *held*, that the testimony makes out a *prima facie* case against B for the amount of the bill.

---

BARONS *v.* BROWN. *Ibid.* July Term, 1881. (25 Kan.) *Evidence—Telegraphic Message—Secondary Evidence.* Op. by HORTON, C. J. Where the controversy is not between the sender and the person to whom a telegram is addressed, and the contents of such message are material, the original message, if not lost or destroyed, must be produced, it being the best evidence; and, in case of its loss, or inability to produce it from other cause, the next best evidence the nature of the case will admit of must be furnished. If there is a copy of the message existing, it should be produced; if not, then the contents of the message should be shown by parol testimony.